# Hawley *against* The Lumberman's Bank.

The capital stock of a bank owned by itself, and in its own possession, acquired by purchase or otherwise, is not the subject of attachment and execution for the payment of its debts under the act of June 16, 1836.

ERROR to the common pleas of *Warren* county.

Curtis Hawley against the Lumberman's Bank at Warren.

The plaintiff obtained a judgment against the defendant for 2045 dollars, upon which, in pursuance of the act of June 16, 1836, an attachment was issued against the bank, by virtue of which the sheriff levied upon, and attached eight hundred and fifty-eight shares of the capital stock of the bank, as the property of the defendant.

The court below, (M'Calmont, president,) on motion, set aside the attachment and levy, on the ground that the stock of the bank was not the subject of attachment for its own debt.

*Galbreath,* for plaintiff in error, relied upon the provisions of the act of June 16, 1836, and cited 17 *Serg. & Rawle* 285.

*Pearson,* for defendant in error.

[Hawley v. The Lumberman's Bank.]

The opinion of the court was delivered by

HUSTON, J.—By an act of assembly, passed June 16, 1836, *Str. Purd.* 370, *sect.* 22, it is provided, "the stock owned by any defendant in any body corporate, also deposits of money in any bank, or with any person, or body corporate or politic, belonging to him, and any debts due to him, shall be liable to execution, like other goods or chattels, *subject nevertheless to all lawful claims thereon of such body corporate or person.*" The last clause of this section shows, if there could have been any doubt before, that it relates to stock of an individual or corporation, held in some bank or corporation. Lawful claims must here mean lien, or right to detain, until something is paid or done. No person or corporation has any such claim to his or its own property, in his or its own possession. All such is merged in the absolute ownership.

So the provisions of the thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, and thirty-eighth sections, relate only to the same kind of cases; because the words so import, and because the seventy-second section provides as follows: "All executions which shall be issued from any court of record, against any corporation, (not being a county, township, or other public corporate body,) shall command the sheriff or other officer to levy the sum recovered, together with costs of suit, of the goods and chattels, lands and tenements of such corporation, and such execution shall be executed in the manner following:"

Section 1 directs a personal demand by the officer of the president, or other chief officer, cashier or treasurer, during office-hours, at the banking-house or chief office.

§ 2. If no such officer can be found, or if the money is not paid, the officer shall seize personal property of the corporation sufficient to satisfy debt, interest and costs.

§ 3. If the corporation against which such execution be issued, be a banking company, and other sufficient personal property cannot be found, such officer shall take so much of any current coin of gold, silver, or copper, which he may find, as shall be sufficient to satisfy the debt, interest and costs.

§ 4. If no sufficient personal property shall be found, the officer may levy such execution upon the real estate of such corporation, and thereupon proceed, in the manner provided in other cases for the sale of land on execution.

§ 73. In every case in which judgment shall have been obtained against such corporation, except as aforesaid, and an execution issued thereon shall have been returned, unsatisfied in part or in whole, it shall be lawful for the court in which such judgment shall have been obtained, upon the bill or petition of the plaintiff in such judgment, to award a writ to sequester the goods and chattels, and credits, rents, issues and profits, tolls, and receipts from any road, canal, bridge, or other work, property or estate of such corporation.

[Hawley v. The Lumberman's Bank.]

The nature of an attachment, as used in this state, seems to be a process not directly issued against the defendant himself, or property of his in his own possession, but to seize and secure property of the defendant which is in the hands and possession of some other person, which other person is always notified to appear at the return of the writ, to answer as to the right to the property attached.

It would seem a bank may be summoned to answer as to property of an individual, whether stock or deposits of such individual which is attached, as being in its possession; so also as to stock or deposits of another corporation attached in its possession. Any property of its own, of what nature soever, if in its own possession, and subject to execution, must be reached by execution or sequestration.

The attachment in question was served on eight hundred and fifty-eight shares of bank stock, as the property of the Lumberman's Bank at Warren. It is not said that these were so many shares of stock of its own; nor is it explained whether there were so many of stock never sold by the managers; or whether once sold, and again purchased by the bank; or in what way it is alleged the bank owned them. If, however, these shares belonged to the bank, and they and the evidences of ownership were in possession of the bank, the attachment was properly set aside by the court.

The question whether the proceeding by execution or sequestration was the proper remedy, was not made nor argued here, and we give no opinion upon it.

Judgment affirmed.